SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–1121

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** April 29, 2015 |
| GLEN TAYLOR | | |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. JV-13-188] |
| V. | | |
| | | HONORABLE KEN D. COKER, JR., JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | | |
| | APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

The Pope County Circuit Court terminated the parental rights of appellant Glen Taylor to his daughter, A.T., born November 24, 2010.[1] Appellant's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] contending that there are no meritorious grounds to support an appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing him of his rights to file pro se points for reversal. Appellant has submitted several pro se points. The Arkansas Department of Human

---

[1]The court also terminated the parental rights of Patty Corbett, A.T.'s mother. However, that termination is not the subject of this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

[3](2014).

SLIP OPINION

Services (DHS) and the attorney ad litem chose not to file a brief. However, they did file a joint response to appellant's pro se points. We affirm the termination order and grant counsel's motion to withdraw.

This case originated on August 22, 2013, when appellee DHS took an emergency hold of A.T. and her older sister, A.C., after appellant was arrested for possession with the intent to deliver. At the time of the arrest, four pounds of marijuana and a stolen firearm were found in the home occupied by appellant and the children's mother.[4] DHS petitioned the court for emergency custody on August 23, 2013. The court issued an ex parte order for emergency custody that same day. A.T. was adjudicated dependent-neglected in an order filed on September 24, 2013, based on inadequate supervision. On November 4, 2013, appellant was sentenced to ten years' imprisonment for possession with intent to deliver. The original goal of the case was reunification. However, the court changed the case's goal to termination of parental rights at the permanency-planning hearing held on July 28, 2014.

DHS filed a petition for the termination of appellant's parental rights on August 14, 2014. The petition listed three possible grounds for termination against appellant: (1) that the child had been adjudicated by the court to be dependent-neglected and had continued out of appellant's custody for twelve months, and despite meaningful efforts by DHS to rehabilitate appellant and correct the conditions that caused removal, those conditions have not been remedied;[5] (2) that subsequent to the filing of the original petition for dependency-

---

[4]The mother agreed to a drug test and tested positive for THC, benzodiazepines, opiates, and amphetamine.

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) (Supp. 2013).

neglect, other factors or issues arose which demonstrate that return of the child to appellant is contrary to her health, safety, or welfare and that, despite the offer of appropriate family services, appellant had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the child to appellant;[6] and (3) that appellant had been sentenced in a criminal proceeding for a period of time which would constitute a substantial period of the child's life.[7]

The termination hearing took place on September 22, 2014. At the conclusion of the hearing, the court granted DHS's petition. The order terminating appellant's parental rights was entered on September 26, 2014. In the order, the court stated that termination was in the child's best interest, taking into account that the likelihood of adoption was "very good" and that there was a risk of potential harm if the child was returned to appellant. The court found that appellant's ten–year sentence constituted a substantial period of A.T.'s life.[8] It also relied on appellant's prison sentence to support the other grounds alleged by DHS. This timely appeal followed.

Counsel contends that this appeal is without merit and asserts that the only adverse ruling was the termination itself. An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the child's best interest.[9] Factors to

---

[6]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)(*a*) (Supp. 2013).

[7]Ark. Code Ann. § 9–27–341(b)(3)(B)(viii)(*a*) (Supp. 2013).

[8]Appellant's sentencing order was entered into evidence as an exhibit during the termination hearing.

[9]Ark. Code Ann. § 9–27–341(b)(3)(A) (Supp. 2013).

consider in determining best interest are the likelihood of adoption and potential harm caused by returning the child to the custody of the parent.[10]  Additionally, DHS must prove at least one statutory ground for termination by clear and convincing evidence.[11]  The purpose of terminating a parent's rights to his or her child is to provide permanency in the child's life where returning the child to the family home is contrary to the child's health, safety, or welfare, and where it appears that a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.[12]  We review termination-of-parental-rights cases de novo.[13]  We do not reverse a termination order unless the trial court's findings were clearly erroneous.[14]

Having carefully examined the record, the brief, and appellant's pro se points,[15] we hold that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases, and we conclude that the appeal is wholly without merit.  Accordingly, we affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

---

[10] *Id.*

[11] Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2013).

[12] Ark. Code Ann. § 9-27-341(a)(3).

[13] *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 90, ___ S.W. 3d ___.

[14] *Id.*

[15] Appellant's grounds for reversal were that (1) the firearm was not found where the children could get to it; (2) he did not reside at the residence where the drugs and firearm were found; (3) he did not use drugs and no drugs were found in his system; (4) the drugs found were Patty's, he just "took the charge"; and (5) he is a good parent.

Affirmed; motion to withdraw granted.

VAUGHT and HOOFMAN, JJ., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, Dependency-Neglect Appellate Division, for appellant.

No response.